**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| v. | ) ) | Criminal Case No. 12-157 (RMC) |
| **VIVIAN ALTAGARCIA ROSARIO,** | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION ON MOTION *IN LIMINE***

Vivian A. Rosario is charged with Unlawful Possession with Intent to Distribute 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and Unlawful Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  Trial is scheduled to begin on March 25, 2013.  The United States has filed a motion *in limine* to introduce evidence of (1) the circumstances surrounding Ms. Rosario's arrest in 2004 for alleged distribution of cocaine base and aiding and abetting, for which she was acquitted after a jury trial, and (2) crack cocaine recovered on June 14, 2012, from an automobile registered to Ms. Rosario and parked in front of her residence.  Ms. Rosario opposes the motion.

**I. LEGAL STANDARD**

Federal Rule of Evidence 404(b) provides that "evidence of a crime, wrong, or other act is not admissible to prove a [defendant's] character," but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake.  Rule 404(b) is a rule of inclusion and not exclusion.  *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000).  The rule only prohibits the admission of other crimes evidence "for the purpose of

1

proving that a person's actions conformed to his character." *United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*); *see also United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) ("[U]nder 404(b), *any* purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character."). *United States v. Bowie* identified three criteria that govern admission of Rule 404(b) evidence: (1) the evidence is relevant because it has any tendency to prove any fact; (2) the fact in issue relates to a matter in issue and not defendant's character; and (3) the evidence is sufficient to support a jury finding that the defendant committed the other crime or act. *Bowie*, 232 F.3d at 930. However, evidence that is relevant under Rule 404(b) may be excluded under Federal Rule of Evidence 403 if its probative value is substantially outweighed by the danger of unfair prejudice.[1] *See United States v. Clarke*, 24 F.3d 257, 265 (D.C. Cir. 1994).

## II. ANALYSIS

The Court will grant in part and deny in part the Government's motion *in limine*. The Court will deny the motion to admit evidence on the circumstances surrounding Ms. Rosario's arrest in 2004 for the alleged distribution of cocaine base and aiding and abetting, for which she was acquitted after a jury trial. This arrest is almost ten years old, stale and weak, and unduly prejudicial to Ms. Rosario. While the Court recognizes that an acquittal does not necessarily preclude introduction of the underlying conduct as evidence under Rule 404(b), when that acquittal is joined with the age of the alleged crime, it can become unduly prejudicial under

---

[1] Federal Rule of Evidence 403 states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Rule 403.[2]  Ms. Rosario was acquitted in 2004, but her counsel today would be hard pressed to reconstruct her defense in order to attack the Government's evidence after a decade.  The Court finds that even if the circumstances surrounding the 2004 arrest met the standard for admission under Rule 404(b), Ms. Rosario would be unduly prejudiced under Rule 403 by the introduction of such stale evidence at trial in March 2013 and will deny the Government's motion in that respect.

The analysis concerning the crack cocaine recovered from Ms. Rosario's automobile in June 2012 is entirely different.  On June 13, 2012, police officers recovered crack cocaine, powder cocaine, mail matter, approximately $25,000 in United States Currency, and personal documents belonging to Ms. Rosario when they executed a search warrant of her residence.  Police also seized a black Nissan XTerra with Maryland license plate 7AG8702, registered to Ms. Rosario and parked outside her residence.  A search of the vehicle occurred on June 14, 2012 after a second search warrant was obtained, which revealed additional amounts of crack cocaine.  Although Ms. Rosario is not charged with possession or distribution of the crack cocaine found in the vehicle, the car was registered to her and was parked in front of her residence.  The Government asserts that it intends to introduce evidence of the search of the vehicle and its results for the purpose of showing motive, intent, absence of mistake, plan, and knowledge.

Although not unassailable, the evidence of crack cocaine found in Ms. Rosario's car on June 14, 2012, if credited by a jury, could demonstrate her knowledge, motive, and intent

---

[2] The Supreme Court has recognized that evidence on acquitted conduct may be admissible under Rule 404(b) because the Rule has a lower standard of proof than that required for a conviction. *See Dowling v. United States*, 493 U.S. 342, 348-50 (1990).  However, evidence of other crimes must be sufficient to support a jury finding that the defendant committed the other crime.  *Bowie*, 232 F.3d at 930.  After a decade, the Court finds that this test cannot fairly be met.

3

to possess with intent to distribute the cocaine found in her home on June 13, 2012. Thus, the remaining legal question is whether the probative value of the evidence from the car is substantially outweighed by its prejudicial effect under Rule 403. This Circuit has held that "it is a sound rule that the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the offense charged." *United States v. Harrison*, 679 F.2d 942, 948 (D.C. Cir. 1982) (*quoting United States v. Day*, 591 F.2d 861, 878 (D.C. Cir. 1978)). In this situation, the proposed evidence of drugs in Ms. Rosario's car, parked outside her home on June 13, 2012, when her house was searched for evidence of drug dealing, is closely related to the charged offense. While certainly "prejudicial," it is not unfairly prejudicial in the meaning of Rule 403 and will be admitted.

### III.  CONCLUSION

The Government's motion *in limine* [Dkt. 17] will be granted in part and denied in part. The motion to admit evidence of the circumstances surrounding Ms. Rosario's arrest in 2004 and related charges for which Ms. Rosario was acquitted almost a decade ago will be denied. The motion to admit evidence of crack cocaine seized from Ms. Rosario's automobile, which car was taken by law enforcement on June 13, 2012, and searched pursuant to a search warrant on June 14, 2012, will be granted.

Date: March 20, 2013                                    /s/
                                    ROSEMARY M. COLLYER
                                    United States District Judge